## Winegar v. Bente

*Donald M. Winegar*, plaintiff, p.p.

*Whitehead & Whitehead*, for defendants.

McCORMICK, J., April 12, 1966.—This case comes before the court en banc by virtue of preliminary objections filed by defendants herein to an amended complaint for action upon a mechanics' lien.

This claim is brought by a subcontractor arising by virtue of certain labor and materials furnished defendants in the construction of a home.

On June 25, 1965, plaintiff, Donald M. Winegar, filed a mechanics' lien, no. 27255, in the office of the Prothonotary of Westmoreland County, Pa., against Champion Homes, Inc., as owner and contractor, for work allegedly done by him to premises owned by Champion Homes, Inc., known as Lot Number 111, Plan 2, Murrysville Heights, Franklin Township, Westmoreland County, Pa., claiming as due him the sum of $563.40; subsequently, Champion Homes, Inc., conveyed these premises to John A. Bente and Helen G. Bente, defendants herein.

The preliminary objections filed in the case at hand are in the nature of a motion to strike a mechanics' lien and judgment from the record, because plaintiff had failed to serve notice of said mechanics' lien to the home owner, as required by law. Our courts have held that the rules prerequisite to the obtaining of a judgment by reason of a mechanics' lien are formal in nature, and must be strictly complied with if a mechanics' lien claim is to prevail:

"The right to file a mechanic's lien, as has been uniformly held by all the courts, is of statutory origin. No such right existed at common law. It is class legislation and, therefore, must be strictly construed. If a

party desires to avail himself of it, he must comply strictly with the provisions of the statute conferring the right": Samango v. Hobbs, 167 Pa. Superior Ct. 399, at page 403.

The prerequisite to perfecting a mechanics' lien is conditioned upon proper statutory notice, service and filing. The Act of August 24, 1963, P. L. 1175, sec. 502(a) (b) (c), 49 PS §1502(a) (b) (c), sets forth the manner in which a lien is to be perfected. Among other things there provided, it is stated that the owner must be served with written notice that a claim has been filed in the office of the prothonotary, setting forth the court term, number and date of filing of claim, and that failure to serve such notice within the time specified shall be sufficient ground for striking off the claim.

Also provided in 49 PS §1502(c) is the manner in which service of the notice of filing of the claim shall be made. It is stated that, "Service of the notice of filing of claim *shall* be made by an *adult* in the same manner as a writ of summons in assumpsit. . . ." (Italics supplied).

In this case, the record discloses that the service of notice of filing of a mechanic's lien upon the owner was accomplished by certified mail, with a return receipt card. Plaintiff argues that he has complied with the mandatory provisions of service of notice of filing of a claim. He contends that notice sent to the owner by certified mail, with return receipt card, is sufficient to comply with the statutory requirements, that service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit.

Plaintiff further contends that the key word in this statutory provision is the word *"adult"*, and that if service is perfected by any adult, then the manner of service as provided for by law is met.

Plaintiff suggests that the postman who delivered

the letter by certified mail, with return receipt card, was an adult and, therefore, all of the statutory requirements of 49 PS §1502(c) are fulfilled. It is with this contention that the court disagrees.

It is the opinion of this court that the statutory service of the notice of the filing of a claim shall be made by an adult in the same manner as a writ of summons in assumpsit, and that the emphasis in this provision is not placed on the word "adult" alone, but must be read in its entirety; that is, service shall be made *by an adult in the same manner as writ of summons in assumpsit*. (Italics supplied.)

Under Pennsylvania Rule of Civil Procedure 1009, Service, in the section under action of assumpsit as provided under subsection (a), it is provided that:

"The writ, or the complaint if the action is commenced by complaint, shall be served by the sheriff within thirty (30) days after issuance or filing". This provision specifically states that service shall be made by the sheriff. The word "shall" has been construed by the Construction Act to mean must and, therefore, the service under the provision by the sheriff is mandatory and not directory.

While it is true that service of process of the intent to file a mechanics' lien can be accomplished by certified mail, the rules of civil procedure, as recited above, make it mandatory that the notice of the filing of a claim itself must be accomplished through the sheriff's office. The manner of service of notice upon the owner of the filing of the claim is a prerequisite to the validity of the lien. Plaintiff, not properly complying with the rules of civil procedure in regards to this matter, leads us to the opinion that this defect in failing to serve notice of the filing of a claim by means of the sheriff is sufficient cause to strike the mechanics' lien. This defect in the present case is evident by the record itself.

The court, therefore, holds that the failure in the

manner of service of notice that a mechanics' lien was filed is sufficient ground for striking off the lien and the claim. Having ruled that the mechanics' lien of record is to be stricken for cause shown, there is no need for the courts to decide or render an opinion as to the other preliminary objections filed, as these objections become moot. We, therefore, enter the following:

### DECREE

And now, to wit, April 12, 1966, after due and careful consideration, defendant's preliminary objections are sustained, and the mechanics' lien be and the same hereby is stricken from the record.