## Swartley Construction, Inc. v. Schneider

*Daniel J. Lawler*, for plaintiff.

*Emanuel H. Klein*, for defendants.

BODLEY, March 12, 1969.—In this mechanics' lien action, Peter and Marie Schneider, owners of real estate in Quakertown, Bucks County, Pa., have filed pre-

liminary objections to the claimant's mechanics' lien claim and complaint, averring that the claim should be stricken by reason of claimant's alleged improper service of notice of the filing of its claims. Briefly stated, the owners' position is that the claim must fall because the service of notice was defective in that the same was not served by the sheriff of Bucks County.

Placed before the court for construction is section 502 of the Mechanics' Lien Law of 1963, the Act of August 24, 1963, P. L. 1175, 49 PS §1502. This section, having to do with the perfection of the lien, provides, in pertinent part, the following:

"(c) Manner of Service. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement".

Pennsylvania Rule of Civil Procedure 1009, governing the service of the writ of summons in assumpsit, provides:

"(a) The writ . . . shall be served by the sheriff within thirty (30) days after issuance or filing. . . ."

This rule further provides:

"(b) When the defendant is an individual, the writ of summons . . . may be served

(1) by handing a copy to the defendant; or

(2) by handing a copy

(i) at the residence of the defendant to an adult member of the family with which he resides; . . ."

Counsel for the owners argues that a proper interpretation of section 502(c) of the Mechanics' Lien Law of 1963 requiring that the notice be served by an adult "in the same manner as a writ of summons in assumpsit", compels the conclusion that the notice of the filing of the mechanics' lien claim must be served by the sheriff since Pa. R. C. P. 1009(a) so provides in the case of a summons in assumpsit. Although coun-

sel for the owners has presented his case most admirably in brief and argument, we cannot agree with his conclusion.

Since we find that the manifest intention of the legislature is immediately revealed upon reading section 502 (c), we find no need to refer to the Statutory Construction Act of May 28, 1937, P. L. 1019, arts. III—IX, §§31-102, as amended, 46 PS §531-602. The legislature, in enacting this section of the Mechanics' Lien Law of 1963, expressly provided that service of the notice of filing of claim might be made by an adult —any adult. Although this section incorporates by reference Pa. R. C. P. 1009, it does so only insofar as it relates to the *manner* of service, and we interpret this to mean merely the way in which the notice of filing is to be served upon the owners; that is to say, in the fashion prescribed under 1009 (b). Unlike the Mechanics' Lien Law, the rule particularizes the adult who shall make the service. The *manner* in each instance is the same. It is not contended by the owners that the notice was not in fact served by an adult, and the record clearly shows that service upon Peter W. Schneider was made in the manner provided by Pa. R. C. P. 1009 (b) (2) (i), while service upon Marie J. Schneider was made under 1009 (b) (1). A comparison of the statute with the language of the rule immediately reveals that the rule mandates service of the writ of summons by the sheriff, whereas the statute allows service of the notice to be made by an adult. The "who" in each instance is different, but the "how" is the same. This language of the statute must be given effect. Accordingly, it is clear that the identification of the adult who must serve the writ of summons, as established in Rule 1009 (a), is not found in the Mechanics' Lien Law.

In Dravo Corp. v. Ligato, 111 Pitts. L. J. 497 (1963), the court implicitly approved such a holding

in a case where service was effected upon the owner by two employes of the claimant. The case of Winegar v. Bente, 39 D. & C. 2d 558 (1966), upon which counsel for the owners relies is inapposite. There, service was made by certified mail upon the owners. The dictum which appears on page 561 is broad and unnecessary to the disposition of the case. Since the claimant in that case was relying upon an inference that the postman who delivered the letter of notice was an adult, the court presumably felt constrained to deal with the point. The holding in Winegar was clearly correct inasmuch as there was no service in "the same manner," that is to say, the same fashion or mode, as that provided in Pa. R. C. P. 1009, to wit, the *handing* of a copy to the defendant or defendants in one of the various ways specified. Insofar as we may be in error in interpreting the Winegar case, we disagree with its conclusion.

The removal of the word "adult" from section 502 (c) of the Mechanics' Lien Law of 1963 and the substitution therefor of the word "sheriff" taken from Pa. R. C. P. 1009 might well lead us to comment, had we the gift of rhetoric enjoyed by Mr. Justice Musmanno, that which he stated in Bertera's Hopewell Foodland, Inc. v. Masters, 428 Pa. 20, 33 (1967) :

". . . A statute cannot be dissected into individual words, each one being thrown on to the anvil of dialectics to be hammered into a meaning which has no association with the words from which it has violently been separated".

We conclude that service of notice upon the owners in this action was proper and sufficient. Accordingly, we enter the following

ORDER

And now, to wit, March 12, 1969, the preliminary objections to the mechanics' lien claim and complaint are hereby overruled and dismissed.