**CLEMLEDDY CONSTRUCTION, INC., Appellant,**

v.

**William YORSTON and Lori Yorston, his wife, Appellee**

Superior Court of Pennsylvania.

Submitted Aug. 26, 2002.
Filed Nov. 4, 2002.

Ronald M. Bugaj, Honesdale, for appellant.

Mark R. Zimmer, Honesdale, for appellee.

Before: JOHNSON, BENDER, and POPOVICH, JJ.

OPINION BY JOHNSON, J.

¶ 1 In this case we determine whether a contractor violated the Mechanics' Lien Law when it posted a notice of filing of claim on the owners' property, following the sheriff's unsuccessful attempt to serve the owners personally with notice of the claim. Following an evidentiary hearing, the trial court concluded that service by posting was insufficient and granted the owners' preliminary objections in the nature of a motion to strike. Clemleddy Construction Company ("Clemleddy") appeals the court's order, contending that the Mechanics' Lien Law permitted the owners to be served by posting because personal service could not be effectuated. On the facts here presented, we agree with this assertion and conclude accordingly that the trial court erred by ruling that posting was an inadequate means of service. Accordingly, we reverse the trial court's order.

¶ 2 The record on appeal reveals the following facts. William and Lori Yorston ("the Yorstons") contracted with Clemleddy, a general contracting company, to construct a house on the Yorstons' property. The cost of Clemleddy's labor and materials amounted to over $216,000. The Yorstons have failed to pay the remaining balance of $77,958.89. Clemleddy filed a mechanics' lien on October 3, 2001, and requested the Sheriff of Wayne County to serve the Yorstons personally. Because the property was located in Bucks County, the Sheriff of Wayne County deputized the Sheriff of Bucks County to complete personal service. According to the Bucks County Sheriff's Return, the Yorstons were "not found" and the deputy was unable to serve the Yorstons "due to other assignments." In order to comply with the Mechanics' Lien Law, which requires the notice of claim to be served on the owner of the property in question within thirty days, Clemleddy filed another mechanics' lien on December 12, 2001. Once again, Clemleddy requested that the Sheriff of Wayne County serve the Yorstons personally. Again, the Sheriff of Wayne County deputized the Bucks County sheriff to effectuate the required personal service. Clemleddy also requested that the sheriff post a notice of claim on the improved property. The property was posted on December 19, 2001. The Bucks County Sheriff attempted and failed to make personal service on January 12, 2002.

¶ 3 The Yorstons filed preliminary objections in the nature of a motion to strike against Clemleddy's second mechanics' lien claim, citing defective service. The trial court issued Findings of Fact and legal analysis at the conclusion of a hearing on the preliminary objections, held in accordance with 49 P.S. § 1505 (Procedure for contesting claim; preliminary objections). The court sustained the Yorstons' preliminary objections and struck Clemleddy's mechanics' lien claim, concluding that Clemleddy had failed to show why it could not achieve personal service using a constable or other adult. Clemleddy filed this appeal raising the following question for our review:

> Should the court strike Clemleddy's mechanics' lien claim for defective service of notice of filing when Clemleddy requested the sheriff to personally serve the Yorstons with the claim, the sheriff was unable to successfully serve the Yorstons, and the Yorstons did in fact receive notice of the claim when the sheriff posted the claim on the Yorstons' property?

Brief for Appellant at 4.

¶ 4 Clemleddy's question raises the issue of whether the trial court's ruling was contrary as a matter of law to the notice provisions of the mechanics' lien statute,

where the statute allowed service by posting in the event that the personal service could not be achieved.

¶ 5 "In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred." *Denlinger, Inc. v. Agresta,* 714 A.2d 1048, 1050 (Pa.Super.1998) (citation omitted). The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. *See id.* This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. *See id.* When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is "free and clear of doubt." *Castle Pre–Cast Superior Walls of Delaware, Inc. v. Strauss–Hammer,* 416 Pa.Super. 53, 610 A.2d 503, 504 (1992).

¶ 6 Clemleddy's arguments about the Mechanics' Lien Law's notice requirements pose a question of law that the appellate courts of this Commonwealth have not yet addressed. Several trial courts, however, have issued differing decisions on this issue. *Cf. Winegar v. Bente,* 39 Pa. D. & C.2d 558, 561 (1966) (concluding that mechanics' lien claim must be served by a sheriff); *see also Swartley Construction, Inc. v. Schneider,* 46 Pa. D. & C.2d 393, 395 (1969) (concluding that 49 P.S. Section 1502 permits service of mechanics' lien claim by any adult as long as the manner of service is consistent with the requirements of rules of civil procedure prescribing manner of service).

¶ 7 It is well settled that in order to effectuate a valid mechanics' lien the claimant must strictly comply with the notice requirements of the Mechanics' Lien Law. *See Denlinger,* 714 A.2d at 1052. Section 1502 of the Mechanics' Lien Law establishes the statutory requirements for filing a claim as follows:

**§ 1502. Filing and notice of filing claim**

(a) Perfection of lien. To perfect a lien, every claimant must:

(1) file a claim with the prothonotary as provided by this act within four (4) months after completion of his work; and

(2) serve written notice of such filing upon the owner within one (1) month after filing, giving the court term and number and date of filing of the claim. An affidavit of service of notice, or the acceptance of service, shall be filed within twenty (20) days after service setting forth the date and manner of service. Failure to serve such notice or to file the affidavit or acceptance of service within the times specified shall be sufficient ground for striking off the claim.

\* \* \* \*

(c) Manner of service. Service of the notice of filing of claim shall be made by an adult in the same manner as a writ of summons in assumpsit, or if service cannot be so made then by posting upon a conspicuous public part of the improvement.

49 P.S. § 1502(a)(1)(2),(c). We interpret Pennsylvania's Mechanics' Lien Law to require service of a notice of filing of claim be made in person by the sheriff to the extent practicable. *See* 49 P.S. § 1502(c). Once the claimant establishes that personal service has not been successfully effectuated, the statute expressly permits posting as an alternative method of service. *See* 49 P.S. § 1502(c).

¶ 8 The statutory language supports our interpretation. Section 1502(c) requires service to "be made by an adult in the same manner as a writ of summons in assumpsit." 49 P.S. § 1502(c). The Pennsylvania Rules of Civil Procedure recognize claims asserted in assumpsit to be civil actions. *See* Pa.R.C.P. 1001 (stating that "[a]ll claims heretofore asserted in assumpsit or trespass shall be asserted in one form of action to be known as 'civil action.' "). Consequently, a writ of summons in assumpsit must be served in the same manner as service of process in a civil action.

¶ 9 Service of process in a civil action is prescribed by Rule 400 of the Pennsylvania Rules of Civil Procedure. *See* Pa. R.C.P. 400. It states, in pertinent part:

**Rule 400. Person to Make Service**

(a) Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, *original process shall be served within the Commonwealth only by the sheriff.*

Pa.R.C.P. 400(a) (emphasis added). Consequently, we interpret Section 1502(c)'s requirement of personal service to "be made by an adult in the same manner as a writ of summons in assumpsit" to mean that the notice of filing of claim in a mechanics' lien case must be served by the sheriff. *See* 49 P.S. § 1502(c).

■ ¶ 10 Turning to the facts of this case, the record indicates that, in two separate instances, Clemleddy requested that the Sheriff of Wayne County personally serve the Yorstons, who resided in Bucks County, with the notice of filing of claim. In each instance, the Sheriff of Wayne County deputized the Sheriff of Bucks County to serve the Yorstons. In both instances, the Sheriff of Bucks County was unable to serve the Yorstons personally. Under these circumstances, Clemleddy contends, that "there is no statutory or

judicial rule that [directs] the claimant [to] attempt service through [a] channel other than posting." Brief for the Appellant at 11.

¶ 11 The trial court did not recognize posting as a permissible notice mechanism. In its 1925(a) opinion, the trial court states that it based its decision on the fact that Clemleddy failed to establish that the Yorstons "could not be personally served by a constable or other adult." Trial Court Opinion, 3/28/02, at 4. We find the trial court's reasoning to be in error. Clemleddy was not required to retain a constable or process server to effectuate service. *See* 49 P.S. § 1502(c). In fact, Pennsylvania Rule of Civil Procedure 400 expressly states that the sheriff is to serve original process in this Commonwealth. *See* Pa. R.C.P. 400. Accordingly, once Clemleddy established that personal service could not be effectuated, it had a statutorily mandated right to post notice on the Yorstons' property. *See* 49 P.S. § 1502(c).

¶ 12 In discussing the requirements of the Mechanics' Lien Law, the Supreme Court of Pennsylvania has long stated:

[t]he great object of its several provisions is notice, and it has been truly said, an observance of them is essential to the safety of owners, purchasers and other lien creditors, as furnishing some date by which, in case of dispute, they may be enabled to ascertain the truth.

*J.H. Hommer Lumber Co., Inc. v. Dively,* 401 Pa.Super. 72, 584 A.2d 985, 987 (1990) (quoting *Knabb's Appeal,* 10 Pa. 186 (Pa. 1849)). Lori Yorston testified that she and her husband received notice of the filing of the complaint by virtue of the sheriff's posting on their property. N.T. Hearing, 3/18/02, at 9. Accordingly, we are constrained to conclude that the trial court erred when it sustained the Yorstons' preliminary objections and struck Clemleddy's

mechanics' lien. The Mechanics' Lien Law expressly permits posting as an alternative service methodology, once the claimant establishes that personal service has not been successfully effectuated. *See* 49 P.S. § 1502(c). Therefore, Clemleddy acted within its statutory rights when it instructed the sheriff to post the Yorstons' property with the notice of filing of claim.

¶ 13 For the foregoing reasons, we reverse the order of the trial court.

¶ 14 Order REVERSED. Case REMANDED for further proceedings consistent with this Opinion. Jurisdiction RELINQUISHED.