J-S73031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STANLEY FOSTER BOWERSOX, III | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WILLIAM J. HATHAWAY | |
| Appellee | No. 357 WDA 2016 |

Appeal from the Order Entered February 19, 2016
in the Court of Common Pleas of Erie County
Civil Division at No(s): 10093-2016

BEFORE:  FORD ELLIOTT, P.J.E., LAZARUS, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 25, 2016**

Stanley Foster Bowersox, III ("Appellant") appeals from the order of the Erie County Court of Common Pleas entered February 19, 2016, sustaining the preliminary objection in the form of a demurrer filed by his Post Conviction Relief Act ("PCRA")[1] counsel, William Hathaway, Esquire ("Appellee"), in response to Appellant's complaint seeking a preliminary injunction, and dismissing Appellant's complaint.  After careful review, we affirm.

The unique facts and procedural history of this matter are as follows. In August 2012, Appellant and a co-defendant perpetrated a vicious and premeditated robbery and beating of a victim who had been making

_____

[1] 42 Pa.C.S. §§ 9541-9546.

unwanted romantic overtures on Facebook towards Appellant's girlfriend, as well as a Good Samaritan who had come to the unsuspecting victim's aid. As a result of these crimes, on May 15, 2013, a jury found Appellant guilty of one count each of robbery and conspiracy to commit robbery, two counts each of aggravated assault and conspiracy to commit aggravated assault, and two counts of simple assault. On June 24, 2013, the trial court sentenced Appellant to 162 to 324 months' incarceration followed by 10 years' probation. This Court affirmed Appellant's criminal conviction on January 30, 2015. *See Commonwealth v. Bowersox*, 1283 WDA 2013 (unpublished memorandum).

On November 12, 2015, Appellant filed a timely *pro se* petition for post-conviction relief[2] and requested appointment of counsel. On November 17, 2015, the PCRA court appointed Appellee to represent Appellant and provided Appellee 60 days to file a supplementary petition.

On November 19, 2015, Appellant sent Appellee a letter expressing reservations about Appellee's representation based on information gleaned from conversations with other individuals in prison for whom the court had appointed Appellee to act as counsel in the past. *See* Appellant's Letter to

---

[2] Appellant's PCRA petition raises a discretionary aspect of sentence claim, a sufficiency of the evidence claim, and a weight of the evidence claim, none of which are cognizable under the PCRA. *See Pro Se* PCRA Petition, pp. 2-3. Additionally, this Court previously denied Appellant's sufficiency of the evidence claim on direct appeal. *See Bowersox*, *supra*.

Appellee, November 19, 2015. Not pleased with communication between himself and Appellee, on December 18, 2015, prior to the expiration of the 60 days the court had granted Appellee to file an amended PCRA petition,[3] Appellant filed a motion for change of appointed counsel. The PCRA court denied Appellant's motion on December 21, 2015.

Appellant appealed the denial of his motion to change appointed counsel to this Court on January 11, 2016, and on January 22, 2016, filed a concise statement of matters complained of on appeal alleging that the PCRA court erred in denying Appellant's requested change of appointed counsel. *See Commonwealth v. Bowersox*, 158 WDA 2016. This appeal remains outstanding. *Id.*

On January 14, 2016, three days after the filing of the notice of appeal in the PCRA matter, Appellant filed the instant civil action seeking a preliminary injunction regarding Appellee's prosecution of the PCRA matter. *See* Complaint. Based on Appellee's alleged "general reputation of taking little to no action on behalf of his court-appointed clients"[4] and his failure to

_____

[3] Appellee filed an amended PCRA petition on Appellant's behalf on January 13, 2016 incorporating Appellant's claims and raising numerous claims of ineffective assistance of counsel related to trial counsel's actions or omissions at trial. *See generally* Supplement to Motion for Post Conviction Relief, filed January 13, 2016.

[4] *See* Complaint, p. 2; *see also* Appellant's Letter to Appellee, November 19, 2015, pp. 1-2 (expressing Appellant's concern regarding Appellee's representation based on prior, unrelated cases).

reply to Appellant's prior correspondence, Appellant's civil action seeks the ability to direct Appellee's actions regarding all specifics of the prosecution of Appellant's PCRA petition, including making specific decisions that Appellee ordinarily would make using his independent judgment as counsel.[5] ***See*** Complaint, pp. 2-5.

_____

[5] Specifically, Appellant's complaint asks the trial court to:

> (1) enter a preliminary and permanent injunction

>> (a) requiring [Appellee] to provide [Appellant] with the information as requested by [Appellant] within his correspondence of November 19, 2015 so as to allow [Appellant] to make a []knowing, intelligent and/or otherwise informed decision of how to proceed, whether under the representation of [Appellee], under the representation of different legal counsel, or with no counsel at all;

>> (b) enjoining [Appellee] from requesting and/or otherwise consenting to judicial extensions of time to file a supplemental PCRA petition on [Appellant's] behalf without consulting with or otherwise obtaining [Appellant's] informed consent;

>> (c) enjoining [Appellee] from advancing legal claims on [Appellant's] behalf in addition to those expressly authorized by [Appellant] without consulting with or otherwise obtaining [Appellant's] informed consent;

>> (d) enjoining [Appellee] from withdrawing legal claims as advanced by [Appellant] without consulting with or otherwise obtaining [Appellant's] informed consent; and

>> (e) enjoining [Appellee] from disclosing any opinion or information as to the relative strengths and/or weaknesses of [Appellant's] legal claims without consulting with or otherwise obtaining [Appellant's] informed consent;

*(Footnote Continued Next Page)*

After reviewing the nature of the relief sought in Appellant's complaint, the Erie County Court of Common Pleas' Civil Division reassigned the matter to the Criminal Division, specifically to the PCRA court. Appellee filed a preliminary objection in the form of a demurrer alleging that there is no basis for the relief sought by Appellant. On February 19, 2016, the court granted Appellee's preliminary objection and dismissed Appellant's complaint.

Appellant filed a notice of appeal on March 4, 2016. The trial court filed an opinion pursuant to Pa.R.A.P. 1925(a)[6] on March 7, 2016.

Appellant raises the following claim for our review:

I. Whether the lower court erred as a matter of law and/or abused its discretion in dismissing Appellant's complaint in equity and motion for preliminary injunction without a hearing where:

(i) The lower court's order was entered on the very same date Appellee's preliminary objection and motion to dismiss were filed, (i.e. February 19, 2016), and without notice and opportunity for Appellant to file a responsive pleading;

(ii) Appellee's preliminary objections and motion to dismiss failed to comply with law or rule of court in that, despite

_(Footnote Continued)_ ────────────

(2) award[ Appellant] costs of this action; and

(3) grant[ Appellant] such other and further relief as [Appellant] may show to be entitled and/or which this Honorable Court deems just, proper and equitable under the circumstances.

Complaint, p. 5.

[6] The court termed its opinion an "order". **See** Order, March 7, 2016.

containing averments of fact not appearing of record, Appellee's motion to dismiss and preliminary objections failed to contain a verification as required by Pa.R.Civ.P. 1024(a) stating that the averments as contained therein were true based upon Appellee's personal knowledge or information; and

(iii) Contrary to the skewed averments of Appellee's motion to dismiss and preliminary objections, the averments of Appellant's complaint in equity and motion for preliminary injunction stated sufficient facts which, if proven, would entitle Appellant to relief in the form of preliminary and/or permanent injunctive relief.

Appellant's Brief, p. 4 (all capitals omitted).

Appellant claims the trial court erred by granting Appellee's preliminary objections and dismissing his complaint. We disagree.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

*Brosovic v. Nationwide Mut. Ins.*, 841 A.2d 1071, 1073 (Pa.Super.2004) (quoting *Clemleddy Const., Inc. v. Yorston*, 810 A.2d 693, 696 (Pa.Super.2002)). "When no issues of fact are raised, the court shall dispose of the preliminary objections as a matter of law on the basis of the pleadings alone." *R.M. v. J.S.*, 20 A.3d 496, 508–09 (Pa.Super.2011) (quoting *Matter of D.L.S.,* 420 A.2d 625, 626 (Pa.Super.1980)).

In granting Appellee's preliminary objections and dismissing this matter, the trial court explained:

> Upon review of the matter, this [c]ourt *sua sponte* granted [Appellee's] [p]reliminary [o]bjection because there is no basis for the preliminary injunction requested by [Appellant]. Notably, [Appellee] as appointed counsel for [Appellant] at all times retains the ability to exercise his own independent legal judgment in representing [Appellant]. Further, [Appellant] cannot demonstrate any irreparable harm. The request for a preliminary injunction was an obvious attempt to circumvent the denial of his request for new counsel [in the PCRA matter].

Trial Court Pa.R.A.P. 1925(a) Opinion, March 7, 2016, p. 2.

After thoroughly reviewing the record in this matter, we agree with the trial court's assessment that Appellant's civil action is merely an attempt to circumnavigate the denial of his request for new counsel in his PCRA matter, and that he has failed to state a cause of action. Accordingly, we affirm the trial court's order granting the preliminary objections and dismissing the complaint.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2016