J-S13018-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| ROBERT J. MURPHY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHELE FRANK A/K/A MICHELE | : | No. 2009 EDA 2022 |
| MARINARI, WESTPORT INS., FRANK | : | |
| WILLIAMS, O'DONNELL HAGNER AND | : | |
| WILLIAMS, P.C. AND ROBERT | : | |
| MORRIS AND MORRIS & CLEMM, P.C. | : | |

Appeal from the Order Entered July 6, 2022
In the Court of Common Pleas of Delaware County
Civil Division at CV-2013-010207

BEFORE:   NICHOLS, J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                        **FILED JUNE 9, 2023**

Robert J. Murphy (Appellant) appeals *pro se* from the order sustaining preliminary objections filed by Michele Frank a/k/a Michele Marinari (Marinari), and dismissing with prejudice Appellant's complaint against Marinari, Westport Insurance Company (Westport), Frank Williams (Williams), O'Donnell Hagner and Williams, P.C. (the OHW firm), Robert Morris (Morris) and Morris & Clemm, P.C. (the Morris firm) (Morris, Williams, Westport, the OHW firm and the Morris firm collectively referenced as "Legal Defendants"; all appellees collectively referenced as "Defendants").  We affirm.

_____

* Former Justice specially assigned to the Superior Court.

This case originated with a suit Appellant filed against Marinari (the Murphy Action). Appellant sued Marinari for damages incurred during the restoration of Appellant's car by Marinari and her then-husband. On September 13, 2006, following a bench trial, Appellant obtained a $35,000 judgment against Marinari. In a separate lawsuit, Bruce Goodman obtained a $95,350.91 judgment against Marinari (the Goodman Action).

Marinari subsequently filed a legal malpractice action against the Legal Defendants, who had represented her in the Murphy Action and Goodman Action.[1] The Legal Defendants settled the Marinari Action by private agreement.

The trial court explained that subsequently,

on October 15, 2013, Appellant filed his initial Complaint …. alleg[ing] that all [Defendants] engaged in unlawful, conspiratorial conduct with intent to hinder, delay or defraud Appellant from collecting and satisfying his judgment against [Marinari], constituting breach of contract, fraud, conspiracy, constructive fraud[,] and violation of [] 12 [Pa.C.S.A.] § 5101. On November 26, 2013, Appellant filed an Amended Complaint in this matter. … Appellant had difficulty effectuating service on [Marinari]. [On] April 25, 2[0]14, Appellant filed his first Petition for Alternative Service[;] this Petition was denied on June 3, 2014. Thereafter, Appellant filed a second Petition for Alternate Service on July 28, 2014, which was granted on August 28, 2014. In granting that Petition, the [c]ourt [o]rdered as follows:

[Appellant] shall serve [Appellant's] reinstated original and amended complaint on defendant, [Marinari] … , **via publication in a local newspaper** and mail a copy of the reinstated original and amended complaint addressed to … [Marinari] at her last known address at 19

_____

[1] Westport insured the Legal Defendants.

Homestead Lane, Royersford, PA 19468 via certified mail and further mail a copy of [Appellant's] original and reinstated complaint to [the Morris firm] at their office address 527 Plymouth Road, Suite 416, Plymouth Meeting, PA 19462[,] to be provided to their client, [Marinari]. Service shall also be made by posting by the sheriff at 19 Homestead Lane, Royersford, PA 19468.

On November 12, 2014[,] Appellant was granted a Default Judgment against [Marinari]. On January 16, 2015[,] Appellant filed a Petition to Stay litigation as there was an outstanding Bankruptcy Petition filed, and on January 29, 2015 the Petition to Stay was granted. Thereafter, on October 24, 2019[,] Appellant filed a Petition to Reopen the litigation.[2]

Trial Court Opinion, 11/2/22, at 2-3 (footnote and emphasis added).

Marinari filed a motion to strike the default judgment against her on February 7, 2022, based in part on lack of proof of publication and for failure to require publication in both a legal journal and a newspaper of general circulation. The trial court granted Marinari's motion to strike based on the lack of proof of publication. Trial Court Order, 3/30/22. The trial court explained:

On April 5, 2022, … [the trial c]ourt issued an order that [Marinari] shall file a "responsive pleading" within 20 days of the date of the order.[FN] Thereafter, on April 25, 2022, [Marinari] filed Preliminary Objections to Appellant's Amended Complaint. On April 27, 2022, Appellant filed his own Preliminary Objections to the Preliminary Objections to the Amended Complaint.

_____

[2] In October 2021, Williams's counsel filed a suggestion of death confirming Williams's death. On April 7, 2022, Appellant sought to compel the substitution of William R. Hagner (Hagner), Executor of Williams's Estate. The trial court denied Appellant's request as moot because Hagner had authorized the OHW firm's counsel to stipulate to the substitution. Trial Court Order, 6/8/22, ¶ 2.

J-S13018-23

FN [The trial c]ourt notes that there have been a significant number of filings in this case by all the parties. Based upon the then numerous outstanding Motions, [the c]ourt held a hearing on March 23, 2022 and thereafter required the parties to submit [a] proposed order within five (5) days. All parties provided the [c]ourt with proposed orders, well outside the five (5) day deadline. **[The court] notes that the Preliminary Objections were filed by [Marinari] on April 25, 2022, while [the court] was awaiting all the proposed orders[,] and they were Answered by Appellant on April 27, 2022.** Unbeknownst to the [c]ourt, these Preliminary Objections were outstanding at the time the [c]ourt filed the May 5, 2022 Order "(1) Granting the Petition to Strike the Default Judgment and (2) requiring Defendants to file an Answer upon the docket." [The c]ourt notes that second paragraph was not necessary as [Defendants] had already, unbeknownst to the [c]ourt, filed a responsive pleading to the Amended Complaint by filing the Preliminary Objections which again … were already answered by [Appellant] (in the form of filing Preliminary Objections to the Preliminary Objection) by the time the [c]ourt issued the May 5, 2002 Order.

Following a Hearing and [the trial court's] review of the filings and the case law, [the c]ourt issued an Order on July 6, 2022[,] sustaining [Marinari's] Preliminary Objections and Dismissing [Appellant's] Amended Complaint with Prejudice.

Trial Court Opinion, 11/2/22, at 1-2 (emphasis added, footnote in original).

Appellant timely filed a notice of appeal. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Where it is indisputable [Appellant], in fact, served [Marinari] with [Appellant's] reinstated original and amended complaints in accordance with the court's order for substitute alternative service of process[,] did [the] court clearly err and/or abuse its discretion in striking [the] default judgment entered by [the] prothonotary against [Marinari] pursuant to [Appellant's] praecipe to enter default judgment pursuant to [Marinari's] untimely and waived objections to [the] alleged return of service defects involving alternative service of process[?]

- 4 -

2. Where [A]ppellant's amended complaint and reasonable inferences in its entirety allege[s] facts that [Defendants] unlawfully and fraudulently incurred obligations or transfers involving [Marinari's] settlements and payments involving [Marinari's] malpractice action involving [Defendants,] contrary to the Uniform Fraudulent Transfer Act Section 5101 *et* [*s*]*eq.*[,] did [the] court clearly err and/or abuse its discretion [by] overruling [Appellant's] preliminary objections to [Marinari's] preliminary objections, sustaining [Marinari's] preliminary objections to [A]ppellant's amended complaint and dismissing [A]ppellant's amended complaint with prejudice without leave to amend where remaining defendants Frank Williams, deceased, [the] OHW [firm], Westport …, Robert Morris and Morris & Clemm, P.C.[,] did not file any proceedings to dismiss [Appellant's] amended complaint including preliminary objections[,] and [t]he executor of Frank Williams, deceased, has not been substituted while [A]ppellant's claims against all remaining defendants remain pending[?]

Appellant's Brief at 11.

We first consider whether the trial court's order is final and appealable. "[T]he appealability of an order directly implicates the jurisdiction of the court asked to review the order." **Knopick v. Boyle**, 189 A.3d 432, 436 (Pa. Super. 2018) (internal citation omitted). Appellate courts generally have jurisdiction only over appeals taken from a final order. **In re Bridgeport Fire Litigation**, 51 A.3d 224, 229 (Pa. Super. 2012). A final order is one that disposes of all the parties and all the claims or is entered as a final order pursuant to the trial court's determination under Pa.R.C.P. 341(c).

Here, the trial court's order included the following language:

20. In this case, [Appellant] in his Amended Complaint repeats allegations that [Defendants] were "insiders" who had "secret oral and written settlements, transfers, obligations, releases and agreements" for "undisclosed" amounts. [Appellant] references

- 5 -

"bank accounts including escrow bank accounts" but provides no further information about said accounts. There is no specificity [w]ith regard to any of the alleged conduct and [Defendants] would have no way to respond to the allegations.

21. There are no essential facts or particularity in [Appellant's] Complaint.

22. A preliminary objection may be sustained to dismiss a complaint with prejudice "if there does not appear to be any reasonable possibility that amendment of it would be successful". *DeBlasio v. Pignoli*, 918 A.2d 822, 822 (Pa. Commw. Ct. 2007).

23. Given that this case was initiated in 2013, [Marinari's] Preliminary Objections relate to an Amended Complaint, and there is no specificity whatsoever about [Appellant's] allegations, this [c]ourt does not find it appropriate to belabor this case. **This [c]ourt does not believe that there is a reasonable possibility that further amendment of this Complaint would be successful in curing the defects.**

24. Based on the foregoing Findings of Fact and Conclusions of Law this Court finds as follows:

   a. [Marinari's] Preliminary Objections are SUSTAINED.

   b. **[Appellant's] Complaint is DISMISSED WITH PREJUDICE.**

Trial Court Order, 7/6/22, at ¶¶ 20-24 (emphasis added).

By deeming the complaint legally insufficient and dismissing Appellant's complaint "with prejudice" and without qualification, the trial court ended the case as to all parties and all issues. *See Nationwide Mut. Ins. Co. v. Wickett*, 763 A.2d 813, 818 (Pa. 2000) (deeming an order final where the order resulted in plaintiffs having no viable theory of recovery against defendants). Consequently, Appellant could assert no viable claim for relief against the remaining defendants. *See id.* For this reason, we conclude the

trial court's July 6, 2022, order is a final, appealable order. We therefore address Appellant's issues.

In his first issue, Appellant disputes the trial court's conclusion that he had failed to serve his complaint and amended complaint on Marinari. Appellant's Brief at 26. Appellant argues the "fact of service" controls jurisdiction. *Id.* Appellant directs our attention to caselaw upholding service where the fact of service is established. *Id.* at 26-28.

Appellant claims the record shows that Marinari resided at 19 Homestead Lane, P.O. Box 234, Royersford, PA, 19047. *Id.* at 28. Appellant points to the sheriff's returns of service, and denies the

> unsupported allegation that [Marinari] was not served by publication which involves a matter outside the record which cannot be relied upon by the court to strike [the] prothonotary's default judgment against [Marinari] entered 11/12/2014[,] contrary to the foregoing cases requiring [the] court to review the record indisputably confirming [Marinari] was admittedly served with alternative service of process including repeated posting by the sheriff filed and docketed in the record ….

*Id.* at 30. Appellant claims Marinari admitted, in her federal bankruptcy petition, "that she was a party within one year prior to the filing her bankruptcy petition[,] confirming the fact [Marinari] had been served via [the] foregoing alternative service of process in the captioned matter." *Id.*

Appellant also asserts Marinari failed to promptly petition to open or strike the default judgment. *Id.* at 31. According to Appellant, Marinari failed to attach a pleading, "including a verified copy of an answer to [Appellant's] amended complaint[.]" *Id.* Appellant posits Marinari "consented and waived

- 7 -

any objections to foregoing alternative service of process upon which the default judgment was entered for approximately 7 years in order to seek bankruptcy relief…." *Id.* Appellant claims the trial court "clearly erred" in striking the default judgment against Marinari and ordering her to file an answer to the amended complaint. *Id.* at 32.

This Court has explained:

> A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record. [A] petition to strike is not a chance to review the merits of the allegations of a complaint. Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief. A fatal defect on the face of the record denies the prothonotary the authority to enter judgment. When a prothonotary enters judgment without authority, that judgment is void *ab initio*….

*Green Acres Rehab. & Nursing Ctr. v. Sullivan*, 113 A.3d 1261, 1267-68 (Pa. Super. 2015) (quotation marks and citations omitted).

Our review is guided by the following:

> A petition to strike a default judgment ... does not involve the discretion of the court. Instead, it operates as a demurrer to the record. A demurrer admits all well-pleaded facts for the purpose of testing conclusions of law drawn from those facts. Because a petition to strike operates as a demurrer, **a court may only look at the facts of record at the time the judgment was entered** to decide if the record supports the judgment. A petition to strike can only be granted if a fatal defect appears on the face of the record.

*Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918-19 (Pa. 1997) (citations omitted, emphasis added).

Lack of jurisdiction is a proper basis for striking a judgment when the jurisdictional defect is evident on the face of the record. ***DeCoatsworth v. Jones***, 639 A.2d 792, 796 (Pa. 2004).

> A judgment is void on its face if one or more of three jurisdictional elements is found absent: jurisdiction of the parties; subject matter jurisdiction; or the power or authority to render the particular judgment. The term "jurisdiction" relates to the competency of the individual court, administrative body, or other tribunal to determine controversies of the general class to which a particular case belongs. Moreover, it is never too late to attack a judgment or decree for want of jurisdiction, as any such judgment or decree rendered by a court which lacks jurisdiction of the subject matter or the person is null and void, and can be attacked by the parties at any time. A petition to strike a judgment founded on a jurisdictional deficiency is therefore not subject to the same "timeliness" considerations as a petition to open the judgment.

***Id.*** at 1268 (quoting ***Flynn v. Casa Di Bertacchi Corp.***, 674 A.2d 1099, 1105 (Pa. Super. 1996)).

Here, the trial court struck the default judgment against Marinari based on Appellant's failure to effectuate alternative service by publication. "The rules relating to service of process must be strictly followed," because "jurisdiction of the court over the person of the defendant is dependent upon proper service having been made." ***N. Forests II, Inc. v. Keta Realty Co.***, 130 A.3d 19, 30 (Pa. Super. 2015).

Our review discloses that the trial court granted Appellant permission for alternative service of Marinari by publication. Trial Court Order, 8/28/14. Pa.R.C.P. 430 provides in relevant part:

If service of process by publication has been authorized by … order of court, the publication shall be by advertising a notice of the action once in the legal publication, if any, designated by the court for the publication of legal notices and in one newspaper of general circulation within the county. The publication shall contain the caption of the action and the names of the parties, state the nature of the action, and conclude with a notice ….

Pa.R.C.P. 430(b)(1).

Although Appellant claims he served Marinari, the trial court granted Marinari's petition to strike the default judgment, stating:

3. [Appellant] having failed to complete service **by publication** is apparent on the record as [Appellant] has filed no proof of service for the publication.

4. As [Appellant] has failed to complete service as ordered, there is a fatal defect on the face of the record.

Order, 3/30/22, ¶¶ 3-4. Our review confirms the trial court's finding of a "fatal defect." *Id.* There was no proof of service by publication in the record when the trial court entered the default judgment. The record shows Appellant failed to comply with the trial court's alternative service order. As such, Appellant's claim that the trial court improperly struck the default judgment is not supported in the record. Appellant's first issue does not merit relief.

In his second issue, Appellant argues the trial court erred by (a) overruling his preliminary objections to Marinari's preliminary objections, (b) sustaining Marinari's preliminary objections, and (c) dismissing his amended complaint with prejudice. Appellant's Brief at 33. Appellant claims he asserted a valid claim under Pennsylvania's Uniform Fraudulent Transfer Act, 12 Pa.C.S.A. §§ 5101-5114 (UFTA), based the fraudulent transfer of the

settlement proceeds in the malpractice action. *See id.* at 33-34. According to Appellant, "the [UFTA] provides that a judgment under the [UTFA] may be entered against all the defendant transferees of the asset or the person for whose benefit the transfer was made." *Id.* at 35 (emphasis omitted). Appellant asserts the "reasonable inferences" of the amended complaint establish that the OHW firm and the Morris firm are "insiders" and "should have known [Marinari] is an insolvent judgment debtor using her alias … to avoid payment and execution over approximately 7 years including involving [Appellant] and Goodman's foregoing judgments[.]" *Id.* at 40-41. Appellant claims the Legal Defendants "continually assisted and were fully aware" that Marinari was engaging in fraudulent transfers and incurred fraudulent obligations, with the intent to defraud her judgment creditors, including Appellant. *Id.* at 41.

The Legal Defendants counter that Appellant articulated no "facts that, if proven at trial, would show that [the Defendants] engaged in a transfer or transaction that is subject to the provisions of the UFTA." Legal Defendants' Brief at 28. The Legal Defendants argue:

> At most, the Amended Complaint merely parrots the language of the UFTA statute by alleging that "[Marinari] unlawfully and fraudulently incurred obligations and made transfers involving her property and assets subject to execution, payment and satisfaction of [Appellant's] judgment…." *See, e.g.* … Amended Complaint, … at ¶ 16.
>
> The Amended Complaint is so vague and bereft of facts that it is difficult to ascertain which transactions [Appellant] [] alleges to have constituted a fraudulent transfer. Reading [Appellant's]

allegations generously, it appears that, for purposes of his claim against the [Williams firm and the OHW firm], the "transfer" at issue is the transfer of settlement proceeds funded by [] Westport to [Marinari], in exchange for a release of her claims against the [Legal Defendants] and discontinuance of the legal malpractice action with prejudice. As to the Morris [firm], the "transfer" at issue appears to be the transfer of settlement proceeds from [its] IOLTA accounts to [Marinari's] bank account. None of these allegations satisfy any of the requisite prongs under Section 5104 of the UFTA, as a matter of law.

Legal Defendants' Brief at 30-31.

Legal Defendants further argue that Appellant failed to plead fraud with any specificity. *Id.* at 31. Appellant refers to Legal Defendants as "insiders" and claims the Legal Defendants acted in concert. *Id.* at 32. Legal Defendants assert that an attorney-client relationship does not establish an insider relationship. *Id.* According to the Legal Defendants, Appellant alleged no facts establishing consideration for Westport's agreement to notify Appellant of a malpractice settlement. *Id.* at 36. Legal Defendants argue that Appellant failed to allege facts establishing an unlawful act or purpose. *Id.* at 36-37. Finally, Legal Defendants argue Appellant alleged no "overt act" necessary to establish a conspiracy. *Id.* at 37.

Our scope and standard of review is as follows:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

- 12 -

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case [is] free and clear of doubt.

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***N. Forests II, Inc. v. Keta Realty Co.***, 130 A.3d 19, 35 (Pa. Super. 2015)

(citation omitted).

In addressing Appellant's issue, we recognize that Pennsylvania's UFTA

provides, in part:

**(a) General rule.—** A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

**(b) Burden of proof.—** … [A] creditor making a claim for relief under subsection (a) has the burden of proving the elements of the claim for relief by a preponderance of the evidence.

12 Pa.C.S.A. § 5105.

A party violates UFTA when "the creditor's … claim arose before the transfer, the debtor … made the transfer without receiving a

reasonably equivalent value in exchange for the transfer, and the debtor became insolvent as a result of the transfer." ***Cunningham v. Cunningham***, 182 A.3d 464, 472 n.3 (Pa. Super. 2018).

***Mortimer v. McCool***, 255 A.3d 261, 267 n.7 (Pa. 2021). To establish fraud, the following elements must be shown:

> (1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.

***Milliken v. Jacono***, 60 A.3d 133, 140 (Pa. Super. 2012) (*en banc*) (citation omitted), ***aff'd*** 103 A.3d 806 (Pa. 2014).

Instantly, Appellant averred in his amended complaint that Appellant had a judgment against Marinari for $35,000; Marinari is insolvent; and Legal Defendants should have known of Marinari's alias, "which she has continually utilized to hide her identity, assets and property subject to execution to satisfy the foregoing judgment …." Amended Complaint, 11/26/13, ¶¶ 10, 13, 15. Appellant claimed Defendants made fraudulent transfers to settle Marinari's malpractice action. Amended Complaint ¶ 51(a)-(g). Appellant stated that Defendants acted "in concert," "unlawfully and fraudulently." ***Id.*** ¶ 16.

Appellant asserted that Defendants entered into secret settlements to avoid Appellant's judgment against Marinari. ***Id.*** Appellant baldly claimed Marinari incurred obligations and made transfers to insiders to hinder the execution of his judgment. ***Id.*** ¶ 40. Appellant described Defendants as

- 14 -

"insiders," who acted in concert to hinder or defraud Marinari's creditors. *Id.* ¶ 41. Appellant asserted that Marinari "unlawfully and fraudulently incurred obligations and made transfers" without receiving reasonably equivalent value in exchange. *Id.* ¶ 44.

The averments in Appellant's amended complaint fail to establish a violation of the UTFA. Appellant failed to allege a transfer made by Defendants, without receiving "reasonably equivalent" value in exchange. *See McCool*, 255 A.3d at 267 n.7. Appellant also failed to allege facts demonstrating Legal Defendants had an obligation to protect or satisfy his judgment against Marinari. Appellant failed to allege facts demonstrating Marinari transferred funds subject to execution, garnishment, or otherwise attached by Appellant's judgment. As such, the averments were legally insufficient to establish a UTFA violation.

> Regarding a civil conspiracy, Appellant's brief generally asserts:
>
> Defendants acting in concert, combination and conspiracy as insiders secretly incurred unlawful and fraudulent obligations and transfers without knowledge, information or notice to [Appellant] when [Marinari] was insolent on or after January 1, 2013 involving property, settlements, deposits, releases, payments, bank accounts, settlement proceeds and distributions including deposit of settlement proceeds from [Marinari's] malpractice actions … into bank accounts in her name ….

Appellant's Brief at 42.

The elements of civil conspiracy are: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in

- 15 -

pursuance of the common purpose; and (3) actual legal damage. ***Goldstein v. Phillip Morris, Inc.,*** 854 A.2d 585, 590 (Pa. Super. 2004). "[A]bsent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." ***McKeeman v. Corestates Bank, N.A.***, 751 A.2d 655, 660 (Pa. Super. 2000). "The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy." ***Phillips v. Selig***, 959 A.2d 420, 437 (Pa. Super. 2008) (citation omitted).

Appellant's amended complaint identified the elements of conspiracy but failed to support his claim with facts establishing each element. Importantly, Appellant fails to allege facts demonstrating an overt act in furtherance of the alleged conspiracy by Defendants. ***See Goldstein***, 854 A.2d at 590. Consequently, Appellant's conspiracy claim is legally insufficient. ***See id.*** Under these circumstances, we discern no error by the trial court in sustaining the preliminary objections to Appellant's amended complaint.

Appellant also argues the trial court erred by not allowing him to file an amended pleading. Appellant's Brief at 48. The trial court rejected this claim:

> [A] trial court has the discretion to determine the legal sufficiency of a complaint and determine if recovery is possible if the facts alleged in the complaint were ultimately proven. ***See Warner v. B. Pietrini & Sons***, 175 A.3d 409 (Pa. Super. Ct. 2017) [(unpublished memorandum) (citing ***Clemleddy Constr., Inc. v. Yorston***, 810 A.2d 693, 696 (Pa. Super. 2002).] Furthermore, Preliminary Objections, in the nature of a demurrer, must be resolved by the trial court solely on the basis of the pleadings; no additional testimony or outside evidence may be considered and with all material facts, as set forth in the

pleadings, being admitted as true. *Hill v. Ofalt*, 2014 PA super 17, 85 A.3d 540, 547.

In determining whether a complaint is legally insufficient, courts have considered whether the claim was so vague as to not permit a defendant to respond to the allegations….

In this case, Appellant in his Amended Complaint repeats allegations that [Defendants] were "insiders" who had "secret oral and written settlements, transfers, obligations, releases and agreements" for "undisclosed" amounts. [Appellant] references "bank accounts including escrow bank accounts" but provides no further information about said accounts. There is no specificity with regard to any of the alleged conduct and [Marinari] would have no way to respond to the allegations. There are no essential facts or particularity in Appellant's Complaint.

This Court notes that the ability to provide leave to amend lies within the sound discretion of the trial court, this [c]ourt notes that Appellant only sought that the [trial c]ourt dismiss the Preliminary Objections and did not plead in the alternative that the Complaint could be amended in any way. Our Supreme Court has held that a court is not required to "*sua sponte* order or require a party to amend his pleading" and "is not required to allow amendment of a pleading if a party will be unable to state a claim on which relief could be granted." *See Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996). Therefore, [the trial c]ourt properly determined that since Appellant did not formally request the right to file a second amended complaint, [] providing Appellant with additional time to file a second amended complaint would not have cured the defect in their complaint.

….

Given that this case was initiated in 2013, [Marinari's] Preliminary Objections relate to an Amended Complaint, and there is no specificity whatsoever among Appellant's allegations, [the c]ourt does not find it appropriate to belabor this case. [The c]ourt does not believe that there is a reasonable possibility that further amendment of this Complaint would be successful in curing the defects that exist.

Appellant argues that [Defendants] did not comply with [the c]ourt's May 5, 2022 Order, when in fact they could not as it would

- 17 -

have contrasted with their already pending pleadings, the Preliminary Objections.

Th[e c]ourt corrected the oversight of the May 5, 2022 Order when it issued the June 29, 2022 Order. The June 29, 2022 Order determined that the requiring of a responsive pleading was in error and a judicial oversight and permitted the filing of Preliminary Objections in keeping with this [c]ourt's intention when it requested a "responsive pleading."

Trial Court Opinion, 11/2/22, at 8-10. Upon review, we adopt the trial court's reasoning and conclusion. *See id.* Appellant's second issue merits no relief. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2023