J-S37018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JUSTIN CORLISS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEE A. CICCARELLI, PC  D/B/A | : | No. 891 EDA 2021 |
| CICCARELLI LAW OFFICES | : | |

Appeal from the Order Entered January 11, 2021
In the Court of Common Pleas of Monroe County
Civil Division at 3129 CV 2020

BEFORE:   PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED JANUARY 4, 2022**

Justin Corliss (Appellant) appeals *pro se* from the order sustaining the preliminary objections of Lee A. Ciccarelli, PC d/b/a Ciccarelli Law Offices (Ciccarelli), and dismissing Appellant's complaint.  We affirm.

This case is based on Appellant's claim that Ciccarelli "failed to adequately represent [Appellant] in a criminal matter."  Trial Court Opinion, 1/11/21, at 1.  The trial count, which also presided in Appellant's criminal cases, explained:

> The actions from which this case originates involve underlying criminal cases that were initiated against [Appellant] in 2013.  [Appellant] represented himself in those cases for most of the time before hiring [Ciccarelli] to represent him at [the] trial held in 2016.

---

* Former Justice specially assigned to the Superior Court.

*\*\**

     [Appellant] was ultimately convicted at trial in both actions and sentenced to a period of incarceration.  The convictions were upheld on appeal.  [Appellant] then filed Post-Conviction Relief Act (PCRA) petitions on October 25, 2019 and October 28, 2019 in each case.  The PCRA petitions were denied on May 27, 2020 by the trial court.  [Appellant] then filed an appeal which is currently pending before the Pennsylvania Superior Court.

Trial Court Opinion, 1/11/21, at 1-2.[1]

Appellant initiated the underlying civil action by *pro se* complaint filed on May 26, 2020, and the trial court properly concluded Appellant's claims "sound in legal malpractice whether for breach of contract or negligence." Trial Court Opinion, 1/11/21, at 9.  Appellant averred he "hired [Ciccarelli] to represent him at trial in the criminal matters of **Com. v. Corliss**, CP-45-2173-2013 and **Com v. Corliss**, CP-45-1749-2013."  Amended Complaint, 8/17/20, at 2.  Appellant maintained Ciccarelli "refuse[d] and fail[ed] to defend [Appellant] … [resulting in his being] falsely convicted." **Id.** at 3-4.  Appellant claimed he "would have been acquitted … had [Ciccarelli] performed the necessary legal services required to conduct a competent defense[.]" **Id.** at 4.  Appellant characterized Ciccarelli's actions as "negligence." **Id.** at 7.  He

_____

[1] The Superior Court affirmed the denial of PCRA relief and the Pennsylvania Supreme Court denied leave to appeal. **See Commonwealth v. Corliss**, 253 A.3d 327 (Pa. Super. Apr. 30, 2021) (unpublished memorandum), **appeal denied**, 2021 WL 5576783 (Pa. Nov. 30, 2021); **Commonwealth v. Corliss**, 253 A.3d 322 (Pa. Super. Apr. 30, 2021) (unpublished memorandum), **appeal denied**, 2021 WL 5576776 (Pa. Nov. 30, 2021).

also claimed Ciccarelli breached his duty under the parties' fee agreement, although Appellant failed to identify a specific contractual provision, and simply stated the fee agreement "implied more than two poorly dressed people showing up to listen to testimony for two days and infrequently playacting as counsel." *Id.* at 6. Appellant asserted Ciccarelli's "negligent conduct, as aforesaid, was the proximate cause of [Appellant's] injuries." *Id.* at 7.

The trial court recited the procedural history that followed:

> On July 7, 2020, [Ciccarelli] filed a Notice of Intention to Enter Judgment of *Non Pros* pursuant to Pa.R.C.P. 1042.6 for failure of [Appellant] to file a certificate of merit, as required in professional liability cases. On or about July 10, 2020, [Appellant] filed what purport[ed] to be a certificate of merit which he personally signed. The certificate of merit was not signed by an attorney for [Appellant], nor did it include a written statement from a licensed professional regarding liability. [Appellant] asserted in the certificate of merit that no testimony from a licensed professional attorney was necessary because this action is brought for alleged breach of contract. On July 29, 2020, [Ciccarelli] filed a Motion to Strike [Appellant's] certificate of merit. On August 4, 2020, this [c]ourt issued a Rule to Show Cause against [Appellant], requiring him to file a response to the Motion on or before September 4, 2020. On August 17, 2020, [Appellant] filed a Response to [Ciccarelli's] Motion. He also filed an Amended Complaint.

> On August 26, 2020, [Ciccarelli] filed Preliminary Objections to [Appellant's] Amended Complaint. [Appellant] then filed Preliminary Objections to [Ciccarelli's] Preliminary Objections on September 14, 2020. An Order was issued on September 17, 2020, setting forth a briefing schedule for the Preliminary Objections. On September 24, 2020, [Ciccarelli] filed a Response to [Appellant's] Preliminary Objections to [Ciccarelli's] Preliminary Objections and a memorandum of law. On September 28, 2020, [Ciccarelli] filed a Motion for Hearing. That Motion was denied by

court order dated September 30, 2020.  [Appellant] filed a Motion to Strike [Ciccarelli's] Response to [Appellant's] Preliminary Objections.  [Appellant] also filed a Motion to Quash/Dismiss [Ciccarelli's] Motion to Strike the Certificate of Merit on October 13, 2020.  [Ciccarelli] filed a Response thereto on October 15, 2020.

Trial Court Opinion, 1/11/21, at 2-3 (footnote omitted).

On January 11, 2021, the trial court issued its opinion and order opinion sustaining all of Ciccarelli's preliminary objections, overruling and dismissing Appellant's preliminary objections, denying Appellant's motion to strike Ciccarelli's response to Appellant's preliminary objection, granting Ciccarelli's motion to strike Appellant's certificate of merit, denying Appellant's motion to quash Ciccarelli's motion to strike, and dismissing Appellant's complaint.  **_See id._** at 20-21.  Due to a breakdown in the court system, Appellant did not receive the order for several months.[2]  On March 18, 2021, Appellant filed a _nunc pro tunc_ motion to amend his complaint.  The court denied the motion because the January 11, 2021 order "was a final order in this matter."  Order, 3/22/21, at 1.  However, because of the mail difficulties, the court granted Appellant additional time to file for reconsideration and appeal _nunc pro tunc_.

---

[2] The court "sent [the order] to [Appellant at] SCI Coal Township with the required Court Access Code; however, it was returned from SCI Coal Township."  Order, 3/22/21.  The court mailed the order to Appellant at SCI Coal Township "at least twice, and once to the Florida Clearinghouse address."  **_Id._**

- 4 -

*Id.* On April 16, 2021, Appellant filed a motion for reconsideration, which the trial court denied. On April 21, 2021, Appellant filed a notice of appeal.[3]

Appellant presents two issues for review:

1. Did the court err in adopting [Ciccarelli's] ploy of recharacterizing the breach of contract complaint as an estopped tort action, when it dismissed on preliminary objections, where the elements of a breach of contract are established?

2. This court established in ***Krauss v. Claar***[, 879 A.2d 302 (Pa. Super. 2005,] that a certificate of merit is not required in breach of contract actions; thus, did the lower court err in requiring one merely due to [Ciccarelli] being an attorney, when [Appellant] does not sue for violating a public or social duty and no expert testimony is required to prove the breach?

Appellant's Brief at 6.

Pertinently,

[i]n determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. ***Clemleddy Constr., Inc. v. Yorston***, 810 A.2d 693 (Pa. Super. 2002). When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt, and this Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. ***Id.***

***David R. Nicholson, Builder, LLC v. Jablonski***, 163 A.3d 1048, 1051 (Pa. Super. 2017) (citation omitted).

---

[3] Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Here, the crux of Appellant's argument is that Ciccarelli "did not 'represent' [him] in any proceeding, filed no praecipe of appearance, argued no issue in any court for [Appellant], but, acted merely as a jobber." Appellant's Brief at 11 (citation omitted). Nonetheless, he denies that he is claiming legal malpractice, and describes the trial court's finding to the contrary as "patently absurd," and the result of "tortured decision making." *Id.* at 12. Appellant improperly engages in a rambling discussion of agency law in an attempt to explain how his negligence claims constitute breach of contract. *Id.* at 18-23.

Ciccarelli responds that the trial court properly dismissed Appellant's claims, "whether sounding in tort or in breach of contract for legal insufficiency." Ciccarelli's Brief at 12. Ciccarelli asserts Appellant "failed to provide any factual specificity," and argues Appellant is not entitled to relief where the "essence of [his] allegations was that the 'representation' by [Ciccarelli] must have been lacking because the jury ultimately convicted him of the criminal charges." *Id.*

We agree with Ciccarelli and the trial court, which found that without "specific facts averred that would have led to a different result, in this case an acquittal, [Appellant] is unable to meet the requirements necessary to bring a claim against [Ciccarelli] as a criminal defense attorney." Trial Court Opinion, 1/11/21, at 7; *see also id.* at 8 (stating Appellant "has failed to allege facts that even if true, would establish causation and damages for legal

- 6 -

malpractice.").   Moreover, upon review, we find the Honorable David J. Williamson, sitting as the trial court, has capably detailed — with reference to the record and citation to applicable legal authority — why Appellant's issues lack merit, and why, regardless of whether Appellant's complaint sounds in contract or tort, he was required to file a certificate of merit signed by an attorney.   Accordingly, we adopt Judge Williamson's January 11, 2021 opinion as our own in deciding this appeal.   The parties shall attach a copy of the trial court opinion to any relevant future filings.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2022

Circulated 12/15/2021 03:59 PM

**COURT OF COMMON PLEAS OF MONROE COUNTY**
**FORTY-THIRD JUDICIAL DISTRICT**
**COMMONWEALTH OF PENNSYLVANIA**

JUSTIN CORLISS,                                         NO. 3129 CIVIL 2020

        **Plaintiff**

      vs.                                              :

LEE A. CICCARELLI, PC                              :
d/h/a CICCARELLI LAW OFFICES,

                : MOTION TO STRIKE AND Defendant
                : PRELIMINARY OBJECTIONS

**O P I N I O N**

This matter comes before the Court on several filings. The Defendant first filed a Motion to Strike Plaintiffs Certificate of Merit in a professional liability claim. The Defendant also filed Preliminary Objections to Plaintiffs Amended Complaint. Plaintiff has filed Preliminary Objections to Defendant's Preliminary Objections. The Plaintiff in this action is Justin Corliss (hereinafter "Plaintiff"). The Defendant in this action is Lee A. Ciccarelli, P.C., d/b/a Ciccarelli Law Offices (hereinafter "Defendant"). The allegations in this case allege that Defendant failed to adequately represent Plaintiff in a criminal matter.

The actions from which this case originates involve underlying criminal cases that were initiated against Plaintiff in 2013. Plaintiff represented himself in those cases for most of

the time before hiring Defendant law firm to represent him at trial held in 2016.[1] Defendant was hired by Plaintiff on or about February 7,2016. The trial in the underlying actions occurred from May 31 to June 1,2016. Attorneys in the Defendant law firm entered an appearance on behalf of the Plaintiff on February 24,2016 for one of the underlying actions. On March 24,2016, an attorney in Defendant law firm entered an appearance on behalf of the Plaintiff in the other underlying action. Both underlying actions were tried together. Plaintiff was ultimately convicted at trial in both actions and sentenced to a period of incarceration. The convictions were upheld on appeal. Plaintiff then filed Post-Conviction Relief Act (PCRA) petitions on October 25,2019 and October 28,2019 in each case. The PCRA petitions were denied on May 27,2020 by the trial court. Plaintiff then filed an appeal which is currently pending before the Pennsylvania Superior Court.

Plaintiff filed his first Complaint in this matter against Defendant on or about May 26,2020. The allegations included claims sounding in legal malpractice. On July 7,2020, Defendant filed a Notice of Intention to Enter Judgment of Non Pros pursuant to Pa.R.C.P. 1042.6 for failure of the Plaintiff to file a certificate of merit, as required in professional liability cases. On or about July 10,2020, Plaintiff filed what purports to be a certificate of merit which he personally signed. The certificate of merit was not signed by an attorney for the Plaintiff, nor did it include a written statement from a licensed professional regarding liability. Plaintiff asserted in the certificate of merit that no testimony from a licensed professional attorney was

---

i  plaintiff was originally represented in the underlying criminal actions by Robert Saurman, 1SlDefeSdant's law trial.

2

necessary because this action is brought for alleged breach of contract. On July 29,2020, Defendant filed a Motion to Strike Plaintiffs certificate of merit. On August 4,2020, this Court issued a Rule to Show Cause against the Plaintiff, requiring him to file a response to the Motion on or before September 4,2020. On August 17,2020, Plaintiff filed a Response to Defendant's Motion. He also filed an Amended Complaint.

On August 26,2020, Defendant filed Preliminary Objections to Plaintiffs Amended Complaint. Plaintiff then filed Preliminary Objections to Defendant's Preliminary Objections on September 14,2020.[2] An Order was issued on September 17,2020, setting forth a briefing schedule for the Preliminary Objections. On September 24,2020, Defendant filed a Response to Plaintiffs Preliminary Objections to Defendant's Preliminary Objections and a memorandum of law. On September 28,2020, Defendant filed a Motion for Hearing. That Motion was denied by court order dated September 30,2020. Plaintiff filed a Motion to Strike Defendant's Response to Plaintiffs Preliminary Objections. Plaintiff also filed a Motion to Quash/Dismiss Defendant's Motion to Strike the Certificate of Merit on October 13,2020. Defendant filed a Response thereto on October IS, 2020.

Discussion

A. <u>Preliminary Objections</u> -

We will first address the preliminary objections that were filed. Preliminary objections may be raised on the following grounds:

---

[2] It is also noted that Plaintiff filed a Motion for Recusal on September 14,2020 which was denied by order dated September 17,2020. The undersigned judge also presided over Plaintiff's criminal cases giving rise to this action.

(1) Lack of jurisdiction over the subject matter of the action or the person of the defendant, improper venue or improper form of service of a writ of summons or a complaint;

(2) Failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent matter;

(3) Insufficient specificity in a pleading;

(4) Legal insufficiency of a pleading (demurrer)

(5) Lack of capacity to sue, non-joinder of a necessary party or misjoinder of a cause of action

Pa. R.C.P. No. 1028(a).

1. Demurrer for legal insufficiency for failure to state a claim -

The Defendant's first objection is in the nature of a demurrer to strike the entire Amended Complaint for failure to state a claim due to legal insufficiency. Preliminary objections in the nature of a demurrer will be granted where the contested pleading is legally insufficient. Caltaeirone v. Ceohalon. Inc.. 2018 Pa. Super. 158,190 A.3d 569, 599 (2018); Pa.R.C.P. 1028(a)(4). Preliminary objections to a complaint admit all material facts set forth in the pleading and the inferences reasonably deducible therefrom are taken as true. *See* Caltaeirone. supra. A demurrer will not be sustained, however, unless on the face of the complaint the claims made cannot be recovered under the law. Chorba v. Davlisa Enterprises. Inc.. 303 Pa. Super 497, 450 A.2d 36,38 (1982). The complaint must not only apprise the defendant of the claims being asserted, but it must also summarize the essential facts to support that claim. Landau v. Western Pa. Nat'l Bank. 282 A.2d 335,339 (1971).

In this matter, Defendant alleges that the entire Amended Complaint should be dismissed as the Plaintiff has failed to provide sufficient factual averments to support his claim. First, we note that there is an argument by both parties as to what the legal basis is for the allegations being asserted by the Plaintiff. The Defendant alleges in the Preliminary Objections

4

that Plaintiff s claims sound in tort, but the Amended Complaint also references that the parties had a contract for legal representation. Plaintiff argues in his Preliminary Objections and in his brief that his claims are solely for breach of contract. However, his claims reference negligent acts of the Defendant. An action for legal malpractice may be brought in either contract or tort. Wachovia Bank, N.A. v. Ferretti. 935 A.2d 565 (Pa. Super. 2007).

Legal malpractice claims alleging negligence require a higher level of causation to be proven than in a traditional negligence action. Fiorentino v. Rapoport. 693 A.2d 208,217 (Pa. Super. 1997). Legal malpractice claims generally require a plaintiff to prove that they had a viable cause for relief in the underlying case and that their attorney was negligent in their representation. McPeake v. William T. Cannon. Esquire. P.C.. 381 Pa. Super. 227,553 A.2d 439, 441 (1989). In order to establish this claim, a plaintiff/aggrieved client must demonstrate three basic elements: (1) employment of the attorney or another basis for a duty owed to a plaintiff; (2) the failure of the attorney to exercise ordinary skill and knowledge; and (3) that such negligence was the proximate cause of damage to the plaintiff. Kituskie v. Corbman. 552 Pa. 275, 714 A.2d 1027,1029 (2008).

Furthermore, a plaintiff must show that, but for the breach of the duty by the lawyer, the purported result that harmed the plaintiff would not have occurred. Id. In this case, Plaintiffs burden is to show that he would have been acquitted of all counts or that all counts would have been dismissed, if not for the actions or inactions of the Defendant. If a loss would have occurred either way, then a plaintiff will not succeed in a claim for legal malpractice. Id, Finally, to bring an action against a criminal defense anomey resulting from his or her representation, foe plaintiff must esfoblish foe following elements: (1) foe employment of foe

5

attorney; (2) reckless or wanton disregard of the plaintiffs interest on the part of the attorney; (3) that the attorney's culpable conduct was the proximate cause of an injury suffered by the plaintiff, i.e. "but for" the attorney's conduct, the plaintiff would have obtained an acquittal or complete dismissal of the charges; (4) that as a result of the injury, the plaintiff suffered damages; and, (5) that the plaintiff pursued post-trial remedies and obtained relief upon attorney error. <u>Bailev v. Tucker.</u> 621 A.2d 108 (Pa. Super. 1993)[3]; <u>Slaughter v. Rushing.</u> 683 A.2d 1234 (Pa. Super. 1996).

In a breach of contract action, an attorney who agrees to represent someone for a fee has impliedly agreed to provide professional services consistent with those expected by the profession at large. *See* <u>Wachovia,</u> supra. Quite simply, a contract to provide legal services requires that the attorney act in a manner that comports with the legal profession in general. <u>Gorski v. Smith.</u> 812 A.2d 683 (Pa. Super. 2002). The elements for a legal malpractice claim based on breach of contract are: (1) The existence of a contract; (2) a breach of a duty imposed by the contract and (3) damages. Id. To avoid a waiver of either a claim based in contract or tort, a plaintiff must assert them together in one action. <u>Wachovia,</u> supra.

Here, Plaintiff alleges that Defendant failed to illicit evidence and facts he knew were available in Plaintiffs case at time of trial. Additionally, Plaintiff alleges that Defendant refused and failed to conduct a cognizant defense at the end of the prosecution's case in chief and refused to seek a dismissal. Plaintiff also argues that Defendant failed to properly cross examine witnesses. Finally, Plaintiff asserts that Defendant failed and refused to correct or

---

[3] <u>In Bailev.</u> die malpractice claims were brought in both trespass (negligence) and assumpsit (breach of contract).

6

challenge erroneous determinations of law regarding elements of the crimes, refused and failed to hold the prosecutor and court to the burden of conducting a fair trial, and failed to correct or challenge incorrect statements of law regarding elements of the crimes the jury was required to find and which Plaintiff was on notice to defend against at trial. Plaintiff alleges that Defendant failed to provide their best effort to represent him as any competent attorney would. *See* Amended Complaint, paragraph 9.

Defendant objects to the Amended Complaint in part because Plaintiff fails to aver specific facts necessary to find legal malpractice either in a contract or tort claim. For example, Plaintiff does not specify what facts or evidence Defendant should have known about that could have been used to defend the Plaintiff. Additionally, while Plaintiff provided a list of witnesses that he claims should have been called in his defense, he failed to specify and explain how their testimony would have been used to result in an acquittal. Plaintiff also failed to identify what evidence could have been used to challenge the credibility determinations of the prosecution's witnesses. Furthermore, Plaintiff did not identify which portions of the trial were unfair or what evidence or facts supported a demurrer to the Commonwealth's case. He also did not specify what incorrect statements of law were made which Defendant failed to object to at time of trial. Plaintiffs assertions are devoid of any specific facts to support the allegations in tiie Amended Complaint. Without specific facts averred that would have led to a different result, in this case an acquittal, Plaintiff is unable to meet the requirements necessary to bring a claim against the Defendant as a criminal defense attorney.

Defendant also argues that even if the allegations are specific enough, Plaintiff has still failed to allege anything that would be sufficient to support a legal malpractice claim.

7

We agree with this assertion. Defendant's exercise of professional judgment, even where the Plaintiff does not agree with how the case was handled, would not be enough to justify a legal malpractice claim. If an attorney acts in his professional capacity with ordinary skill, which is based on an informed judgment, no malpractice can be found to have occurred. *See* Composition Roofers Local 3Q/30B v. Katz. 398 Pa. Super. 564,581 A.2d 607,610 (1990). There is no presumption that an attorney deviated from a standard of care just because the attorney failed to succeed. *See* Enterline v. Miller. 27 Pa. Super. 463 (1905). In other words, a plaintiff must allege specifically how the attorney failed to act with ordinary skill and how those actions led to a conviction in a criminal case.

Here, the Amended Complaint of the Plaintiff simply avers that he disagrees with the judgment exercised by Defendant because he was ultimately convicted at the end of the trial. At paragraph 11 of the Amended Complaint, Plaintiff asserts generally that he would have been acquitted provided Defendant's attorneys had performed the necessary legal services required to conduct a competent defense. However, Plaintiff does not allege any specific facts or evidence to show that if Defendant had acted in a different manner, that the Plaintiff would have been acquitted. Nor does Plaintiff allege how the Defendant failed to use ordinary skill and capacity as a criminal defense attorney in the manner of the profession at large which led to a conviction. Finally, Plaintiff attached the entire trial transcript of the underlying proceedings to the Amended Complaint, but does not reference specific portions of the transcript in his allegations. Therefore, Plaintiff has failed to allege facts that even if true, would establish causation and damages for legal malpractice.

Plaintiff argues that Defendant has no reason to view this as a professional malpractice action in objecting to the Amended Complaint. He claims the Defendant has concocted that theory out of thin air and that the objections are an unwarranted inference and expression of opinion. Plaintiff asserts the Amended Complaint is not based in tort, but rather is for breach of contract. As such, Plaintiff asserts in his Preliminary Objections that Defendant's Preliminary Objections should be dismissed for legal insufficiency. Plaintiff essentially argues that a breach of contract claim against an attorney who represented that party is not a legal malpractice action. We disagree with Plaintiffs assertion that die Amended Complaint sounds solely as a breach of contract claim or that such a claim is not a legal malpractice action even if it is solely a breach of contract claim.

Legal malpractice cases can be brought in either a tort (negligence) action or for breach of contract. *See* <u>Wachovia,</u> supra.; <u>Bailey,</u> supra.; <u>Gorski.</u> supra. Failure of an attorney to perform according to the standard of the profession in legal representation commits legal malpractice. Id Whether styled as a negligence claim or a breach of contract claim, allegations that an attorney failed to perform a duty required as a legal professional is a legal malpractice action. Therefore, the claims made are legal malpractice even if Plaintiff s claims are solely for breach of contract. Plaintiff has alleged a single claim for legal malpractice without any heading of either a negligence or breach of contract action. Plaintiff alleges a written fee agreement existed with Defendant and attached a copy of that fee agreement. However, he also uses language synonymous with negligence actions, and words actually sounding in negligence as well. This lack of specificity certainly creates confusion. But, the claims asserted by Plaintiff sound in legal malpractice whether for breach of contract or negligence.

Furthermore, we find that the Plaintiffs claims are made for negligence, and not simply breach of contract. In paragraph 13 of his Amended Complaint, Plaintiff states that Defendant "breached the contractual duty" and then generally lists things that counsel failed to do properly at time of trial. In paragraph 14, Plaintiff then states that by the alleged conduct, defendant failed to exercise the ordinary skill and knowledge possessed by attorneys in the community." This statement, and the failings of counsel listed in paragraph 13, are claims of negligence, not breach of contract. In paragraph 15, Plaintiff also states in part "[b]y reason of the foregoing negligence of the defendant's constructive and actual breach of contract," that Plaintiff suffered damages, (emphasis added). In paragraph 16, Plaintiff then alleges "[djefendant's negligent conduct, as aforesaid, was the proximate cause of Plaintiffs injuries." (emphasis added). These allegations sound in negligence, which constitute a tort, and not claims for breach of contract. Plaintiff even uses the terms "negligence" and "negligent conduct" in his allegations. In addition, most of the paragraphs in the Amended Complaint allege that Defendant's legal representation was inadequate in some manner and that otherwise competent attorneys would have acted differently. Those are claims for legal malpractice sounding in tort.

At best, it can be concluded that Plaintiff is asserting claims in both tort and breach of contract. The various references to Defendant's failings and negligent conduct, however, clearly represents a tort claim for negligence.

Unfortunately, Plaintiffs allegations are not sufficient to support a professional negligence claim by a criminal defense counsel. As stated above, Plaintiff has not specifically set forth in what manner the Defendant failed to exercise ordinary skill and knowledge that other attorneys in the profession at large would have done. Nor has Plaintiff alleged reckless or wanton

disregard of the Plaintiff* s interest. Finally, Plaintiff has not alleged facts sufficient to show that, "but for" the attorney's conduct, Plaintiff would have obtained an acquittal or a complete dismissal of the charges. Therefore, the Defendant's Preliminary Objection for a demurrer as to legal insufficiency for failure to state a claim will be granted and Plaintiffs Preliminary Objection thereto will be dismissed.

   2. Demurrer to Breach of Contract claim due to the "gist of the action doctrine"-

   Defendant also objects to Plaintiff asserting both a tort and a contract claim in his Amended Complaint. Defendant argues that the breach of contract claim is barred by the gist of the action doctrine. The gist of the action doctrine has been followed by **Pennsylvania** Courts. *See* Brunov. Erie Ins. Co.. 630 Pa. 79, 106 A.3d 48,60 (2014); Hart v. Arnold. 884 A.2d 316 (Pa. Super. 2005). It is used to determine if a case should properly be brought as either a tort or a breach of contract action. Bruno, supra. The doctrine operates to bar claims that are labelled or ostensibly brought as a breach of contract action, but actually sound in negligence. Id. A tort action for negligence and a breach of contract action both require proof of different elements. The elements to prove that an attorney has committed legal malpractice due to professional negligence or by breach of contract were set forth previously herein. The language used in a complaint determines if a case is brought in tort or by breach of contract. Bruno, at 69-70. The Bruno case set a departure from the previously decided cases of Bailey, supra, and Gorski, supra., which had ostensibly allowed aUegations of both tort and breach of contract together in civil actions.

   Here, the Plaintiff alleges that his claims were brought solely as a breach of contract action. He filed Preliminary Objections to the Defendant's Preliminary Objections

asserting that the Defendant has incorrectly confused the nature of the Amended Complaint. Looking at the language of the Amended Complaint, other than a reference to a "Trial Fee Agreement" that was attached thereto, no contractual language is contested as explicitly being violated. Plaintiff asserts in paragraph 8 of the Amended Complaint that by undertaking representation, Defendant agreed to provide professional legal services consistent with those expected of the legal profession at large. That language, without more, sounds in negligence. The Agreement does not state what witnesses must be called, what defenses are to be presented, what objections should be made or how the Defendant should have gone about providing legal services. The Agreement clearly states that Defendant is not making any specific promises or guarantees regarding the outcome of the representation. *{See* paragraph 9, Trial Fee Agreement attached to the Amended Complaint). The Agreement mostly sets forth the Plaintiffs payment obligations and the scope/duration of the legal representation.

As set forth in Bruno, even if a contract exists and the claim arises from actions of a defendant while performing the contract, the claim is not automatically a breach of contract. The contract could establish the relationship between the parties, during which the tort of negligence was committed, Ji Tort actions are for breaches of duties imposed by law for social policy concerns, and contract actions are for breaches of duties imposed by mutual agreement of the parties to the contract. 1& Thus, even though most legal malpractice claims arise from a contract between the attorney and client, not all legal malpractice claims will necessarily arise from a breach of that contract. A breach of contract action based upon an attorney's failure to exercise due care will only sound in contract if tire attorney Mis to follow specific instructions of the client, or breaches a specific provision of the contract. Edwards v. Thorpe, *76 F. Supp. 693

12

(E.D. PA. 1995). In other words, there must be allegations of a "flat out failure to perform" under the contract for a breach of contract claim alone, and not a "careless performance" of contractual duties. Brenco Oil v. Blanev. 2017 U.S. Dist. LEXIS 204775 (E.D. Pa. 2017). These federal cases are very persuasive when applied to this matter. The allegations made by the Plaintiff constitute claims of a negligent failure to exercise ordinary care and are not specific claims of failure to perform per the requirements of the parties' contract. Quite simply, there are no allegations that Defendant failed to follow specific instructions of the Plaintiff, or that a specific provision of the contract was breached.

We also note that in Plaintiffs Preliminary Objections, he asserts that the contract is an implicit agreement to provide the client with professional services consistent with those expected of the profession at large. As set forth above, this language only further points to the fact that what Plaintiff is claiming falls outside the scope of a breach of contract claim and is actually a claim based in tort. Allegations of failing to conduct meaningful cross-examination, failing to object or raise defenses, and failing to provide best efforts are allegations of carelessness that sound in negligence. There are no facts alleged that are distinct from claims sounding in professional negligence. The allegations of the Amended Complaint are a purported contract claim that actually sounds in tort. As such, we find that Defendant has sufficiently shown that the gist of the action doctrine applies. Plaintiff is alleging facts that sound in negligence and not breach of contract. Defendant's Preliminary Objection in that regard will be sustained and Plaintiffs Preliminary Objection will be dismissed.

3. Demurrer for legal insufficiency as to breach of contract claims —

Defendant has alleged that if there is any validity to the claims being solely for breach of contract in the Plaintiff*s Amended Complaint, such claims should also be dismiggpri due to legal insufficiency. Plaintiff* s Amended Complaint does not contain any specific counts or headings. The allegations therein amount to claims of legal malpractice. To plead a viable claim for breach of contract, a party must allege (1) the existence of a contract, including the essential terms thereof; (2) a breach of a duty imposed by the contract; and (3) damages resulting from the breach. *See* Lackner v. Glosser. 892 A.2d 21 (Pa. Super. 2006).

The "Trial Fee Agreement" attached to Plaintiff's Amended Complaint is the contract Plaintiff alleges was breached by the Defendant. The Agreement sets forth terms for payment by Plaintiff for legal services. It sets forth the scope/duration of the legal representation. The Agreement sets forth that no promises or guarantees are made as to the outcome. There is no reference in the Agreement as to defenses to be explored, witnesses to be called, objections to be made at trial, or legal strategy. It is a contract for Defendant to provide legal services through the conclusion of a trial and Plaintiff's agreement to pay for those services.

Plaintiff avers in the Amended Complaint that he paid for the services. He states that those services were inadequate due to Defendant's failure to do various things at time of trial that led to his conviction. The allegations sound in negligence, and not breach of contract. Plaintiff has not pointed to anything in the Agreement that Defendant failed to do specifically that was required by that Agreement. Rather, Plaintiff alleges that Defendant "failed to provide his best efforts to represent Plaintiff as a competent attorney would," and "had defendant performed the necessary legal services required to conduct a competent defense, with the skill required to do so " the defendant presumably would have been acquitted. Plamnff further alleges

that Defendant "failed to exercise the ordinary skill and knowledge possessed by attorneys in the community." (Amended Complaint paragraphs 9, 11 and 14). These are claims of negligence, not breach of contract.

In paragraph 13 of the Amended Complaint, Plaintiff states that Defendant "breached the contractual duty of representing Plaintiff," followed by a litany of things the Defendant did that were improper. Those alleged failings all sound in negligence. Plaintiff does not cite to the Agreement in support of any specific breach of duty therein that was not performed under the contract. Plaintiff admits Defendant was paid and represented him at trial; he just disagrees with the actions taken by counsel and is unhappy with the result. Those allegations do not sufficiently state grounds for a breach of contract claim and Defendant's Preliminary Objection will be granted and Plaintiffs Preliminary Objection will be dismissed.

Finally, we decline to rule at this time on the Defendant's claim that relief is also barred due to a denial of the Plaintiffs PCRA in the underlying criminal cases. While the trial court did deny die Plaintiffs PCRA, the matter is on appeal and is not yet final. Defendant alleges that without a successful PCRA for ineffectiveness of legal counsel, there can be no claim for legal malpractice against one's criminal attorney. Plaintiff alleges that rule does not apply in a breach of contract action. We disagree with Plaintiffs assertion as there is no difference under <u>Bailey,</u> supra, whether the claims are made for breach of contract or negligence. We also note that Plaintiff has not adequately pled a breach of contract claim anyway. As such, the failure to assert a successful PCRA for ineffectiveness of counsel would be grounds by itself to dismiss Plaintiff s claims under <u>Bailev.</u> supra. However, since the PCRA matter is not yet a final action, we will not render a decision on that issue at this time.

15

B. <u>Defendant's Motion to Strike Plaintiffs Certificate of Merit</u> -

In a legal malpractice case, expert testimony is necessary to establish the standard of care. <u>Rizzo v. Haines.</u> 520 Pa. 484,555 A.2d 58,66 (1989). Where the issue is beyond that of the average person, expert testimony is essential to help the trier of fact understand the issue. Id. It is the substance of the complaint that defines whether the claim sounds in ordinary negligence or professional negligence. <u>Merlini ex rel. Merlini v. Gallitzin Water Authority.</u> 602 Pa. 346,980 A.2d 502,507 (2009). However, even if ordinary negligence is alleged, expert testimony will be required if the standard of care is unknown to a lay person or is not within a layperson's common knowledge. <u>Yee v. Roberts.</u> 2005 Pa. Super. 240,878 A.2d 906,911-13 (2005).

The Pennsylvania Rules of Civil Procedure clearly lay out the rules regarding the filing of a certificate of merit in a professional malpractice case. Pa. R.C.P. 1042.3. In addition, *pro se* parties have a heightened requirement regarding the filing of a certificate of merit. Pa. R.C.P. 1042.3. If a certificate of merit is not signed by an attorney, the *pro se* party signing the certificate must attach to it a written statement from a licensed professional attesting to the likelihood of malpractice. Pa. R.C.P. 1042.3(e). The written statement must indicate that a reasonable probability exists that the care, skill, or knowledge exercised or exhibited by a defendant fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. Pa. R.C.P. 1042.3(e); Pa. R.C.P. 1042.3(a)(l)-(2).

Plaintiff argues that since the Amended Complaint now alleges a breach of contract action, no certificate of merit is needed. However, as discussed above, we believe that this case sounds in tort based on the averments in the Amended Complaint. Additionally, a review of those averments clearly show that what Plaintiff is alleging is outside the scope of

ordinary negligence and is not within the knowledge of a reasonable layperson. The Plaintiff indicates that Defendant failed to obtain certain evidence, to cross-examine witnesses, to challenge aspects of trial procedure, and so on. Such information about what a reasonable attorney would do in the same situation is outside the knowledge of the average layperson. Those decisions are strategic decisions that an attorney would make in practice. As such, we find that a certificate of merit is necessary for this case, based upon the facts alleged in the Amended Complaint.

Even if Plaintiffs claims were solely for breach of contract, we also agree with the persuasive arguments as to the need for a certificate of merit made in Eline v. Kurtz. 2009 Dist. & Cty. Dec. LEXIS 170; 9 Pa. D & C. 5th 499, No. 5-2373-2008 (Schuylkill Cty. CCP 2009). The court in Eline granted a motion to strike a certificate of merit in a legal malpractice action brought as a breach of contract. The trial court found that a certificate of merit would be required in an action involving the legal representation by an attorney whether based in tort or breach of contract since it involved the actions of a licensed professional. We agree with this because in either case, what is at issue is the legal representation by an attorney. A layperson would not have the requisite knowledge to know what duties are imposed or breached in an attorney/client relationship. There are professional obligations, ethical obligations, educational requirements, and testing requirements for attorneys. There are issues of trial strategy. These matters are not necessarily known by a layperson. Whether sounding in tort or breach of contract, a plaintiff must prove that an attorney in a legal malpractice case failed to exercise the ordinary skill and knowledge of a member of the profession at large. In a breach of contract action, this would be the failure to perform a specific duty called for in the contract. As such, an

17

expert would be requited which would invoke the requirements of Pa. R.C.P. 1042.3 for a certificate of merit.

Here, Plaintiff originally did not file a certificate of merit and Defendant filed a notice to seek non pros for the failure to do so. Plaintiff then filed a certificate of merit stating no professional opinion was needed. The Defendant filed a motion to strike that certificate of merit. Plaintiff had more than sixty (60) days to file a corrected certificate of merit, but failed to do so. Instead, Plaintiff filed an Amended Complaint, ostensibly claiming breach of contract for failure to exercise skill and knowledge as any other attorney would do, with no certificate of merit. Whether alleging breach of contract or negligence, the Plaintiff has made allegations that a licensed professional deviated from an acceptable professional standard as contemplated in Pa. R.C.P. 1042.3, requiring that a certificate of merit in the form required by that Rule be filed in this case.

Finally, in looking at the certificate of merit filed by the Plaintiff, we note that it is not signed by an attorney, but rather by the Plaintiff. The Plaintiff is *pro se* and not an attorney. Therefore, he would have needed to attach a written statement of a licensed professional attorney in accordance with Pa. R.C.P. 1042.3. Furthermore, the certificate of merit simply states that as a breach of contract action, no licensed professional opinion is necessary. As set forth above, that reasoning is incorrect. Based upon this, we find that the Defendant's motion to strike the certificate of merit is warranted. Without a certificate of merit, Plaintiffs claims cannot proceed.

We also find that Defendant first raised the issue properly after the filing of the initial Complaint. We issued a Rule Returnable on Plaintiff to respond to the Motion to Stake and he did file a response. There was no need for Defendant to file an additional motion after

18

Plaintiff filed the Amended Complaint The same issue remained in the case and it would have been a waste of time and judicial resources to dismiss the first Motion to Strike, require a second be filed, and to issue another Rule Returnable on the same issue. A certificate of merit would still be required on the allegations of the Amended Complaint as well and none was filed by the Plaintiff. Therefore, the issue was not moot as argued by the Plaintiff, nor did it require that a new Motion to Strike be filed after Plaintiff filed an Amended Complaint. The same issue still existed in this case.

For all of these reasons, we will grant the Defendant's Motion to Strike the certificate of merit and deny Plaintiffs Motion to Quash/Dismiss. As the Amended Complaint will be dismissed for the reasons set forth above, any new filing will require a certificate of merit in compliance with Pa. R.C.P. 1042.3, or the matter will be dismissed by entry of a judgment of non pros following an appropriate motion being filed.

FORTM^^PJ^niC^^^CT°UNTY
COMMONWEALTH OF PEN^SvIvAWA

JVSTIN CORLISS,

Plaintiff

vs.

LEE A. acCARELLI, PC
CICCARELLI LAW OFFICES,

Defendant

NO. 3129 CIVIL 2020

MOTION TO STRIKE AND
PRELIMINARY OBJECTIONS

ORDER

AND NOW, this / ( *n1b* day of January, 2021, it is ORDERED and DECREED as follows:

1. Defendant's Preliminary Objection in the nature of a demurrer for legal insufficiency as to claims of legal malpractice by a criminal defense attorney is SUSTAINED.

2. Defendant's Preliminary Objection in the nature of a demurrer as to breach of contract allegations due to the gist of the action doctrine is SUSTAINED.

3. Defendant's Preliminary Objection in the nature of a demurrer for legal insufficiency as to claims of breach of contract is SUSTAINED.

20

4. Plaintiffs Preliminary Objections are OVERRULED and DISMISSED. Plaintiff s Motion to Strike Defendant's Response to Plaintiffs Preliminary Objections is DENIED.

5. Defendant's Motion to Strike the Plaintiffs Certificate of Merit is GRANTED. Plaintiffs Motion to Quash or Dismiss said Motion is DENIED.

6. No issues remain and no cause of action exists as alleged in the Amended Complaint and Plaintiffs Amended Complaint is DISMISSED.

Any new Complaint that is filed by the Plaintiff must contain a certificate of merit in compliance with Pa. R.C.P. 1042.3 or judgment of non pros may be entered upon filing of an appropriate motion.

BY THE COURT:

_____
DAVID J. WILLIAMSON, J.

cc:     Justin Corliss, MU6240
         SCI Coal Township
        1 Kelley Drive
        Coal Township, Pa 17866
        Paul C. Troy, Esq.

DJW2020-100 Corliss v. Ciccarelli 3129 CV 2020.docx